UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY R. ROGERS,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
                              /

Case No. 1:14-CV-783

HON. ROBERT HOLMES BELL

## OPINION

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). Plaintiff Timothy Rogers seeks review of the Commissioner's decision denying his claim for disability benefits under Title II of the Social Security Act. For the reasons that follow, the Commissioner's decision will be affirmed.

### I.

Plaintiff Timothy Rogers is 58 years old. He was born on May 17, 1957 (A.R. 126), completed the 12th grade (A.R. 32), and previously worked in industrial maintenance and as a straightener and tool crib attendant. (A.R. 57-58.) Plaintiff applied for disability benefits (DIB) and supplemental security income (SSI) on May 20, 2011, (A.R. 126-39), complaining of depression, anxiety, and problems with his neck, back, shoulders, arms, legs, and left

ankle. (A.R. 63.) The Commissioner denied Plaintiff's SSI application on June 2, 2011 because Plaintiff and his spouse had more than $3,000 in resources at the time the application was filed. (A.R. 73-80.) Plaintiff's DIB application was denied on September 21, 2011. (A.R. 81-84.)

Plaintiff thereafter requested a hearing before an administrative law judge (ALJ) to appeal the Commissioner's decision denying his DIB application. On January 25, 2013, Plaintiff appeared with his counsel before ALJ Michael Condon for an administrative hearing in which Plaintiff and Michelle Ross, a vocational expert, testified. (A.R. 25.) On April 2, 2013, the ALJ rendered his written decision. He determined that Plaintiff was last insured on December 31, 2012, (A.R. 11), and that Plaintiff was not disabled at that time. (A.R. 8-22.) The Appeals Council declined to review the ALJ's decision on May 20, 2014, making it the Commissioner's final decision. (A.R. 1-6.) Plaintiff thereafter initiated this action.

**The ALJ's Decision**

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505, 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). To aid ALJs in applying the above standard, the Commissioner of Social Security has developed a five-step analysis:

>The Social Security Act requires the Secretary to follow a "five step sequential process" for claims of disability.  First [a] plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, [a] plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities."  Third, if [a] plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, [a] plaintiff is presumed to be disabled regardless of age, education or work experience.  Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, [a] plaintiff is not disabled.  For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that [the] plaintiff can perform, plaintiff is not disabled.

*Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted); *see also* 20 C.F.R. §§ 404.1520(a-f). If at any step the ALJ finds that the individual is not disabled, the inquiry ends and the ALJ does not go on to the next step. 20 C.F.R. § 404.1520(a)(4).

"Through step four, the  the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work[.]" *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

The ALJ determined Plaintiff's claim failed at the fourth step of the evaluation.

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful

activity from July 1, 2008 (the Plaintiff's onset date) through December 31, 2012 (the Plaintiff's date last insured). (A.R. 13.) Second, the ALJ determined that Plaintiff had the severe impairment of degenerative disc disease of the lumbar spine with disc herniations at L4-5 and L5-S1. (A.R. 13.) Next, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (A.R. 15-16).

At Step Four, the ALJ analyzed Plaintiff's residual functional capacity (RFC) and determined that Plaintiff was able to perform:

> light work, as defined in 20 CFR 404.1567(b) involving lifting and/or carrying of 10 pounds frequently and 20 pounds occasionally; standing and/or walking for 6 hours out of an 8-hour workday; sitting for 6 hours out of an 8-hour workday; occasional climbing of ramps or stairs, but never ladders, ropes, or scaffolds; frequent balancing; occasional stooping, kneeling, crouching, and crawling; and occasional operation of leg or foot controls.

(A.R. 16.)

After analyzing Plaintiff's RFC, the ALJ determined that Plaintiff was able to perform his past relevant work as a tool crib attendant. (A.R. 20.) Accordingly, the ALJ determined that Plaintiff was not disabled under the Act, and the ALJ did not have to proceed any further. *See* 20 C.F.R. § 404.1520(a)(4).  Although not required to, the ALJ also included an alternative fifth step finding based off the vocational expert's testimony at the administrative hearing. The ALJ found that Plaintiff was capable of performing other work such as a machine tender, light assembler, and packager with jobs totaling 28,100 in the State of

4

Michigan. (A.R. 21, 57-59.) This represents a significant number of jobs. *See Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *McCormick v. Sec'y of Health & Human Servs.*, 861 F.2d 998, 1000 (6th Cir. 1988).

Thus, following the five steps, the ALJ determined plaintiff was not disabled within the meaning of the Act.

## II.

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1998). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as

5

adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

### III.

Plaintiff raises the following two claims:

1. The ALJ failed to consider numerous medical findings, which resulted in the omission of severe medically determinable impairments and an inaccurate RFC.

2. The RFCs used to describe the "hypothetical" claimant all omitted limitations to what should have been characterized as severe medical determinable impairments. So resulting answers to the hypothetical questions cannot be considered substantial evidence for a denial.

(ECF No. 11, PageID 332.) The Court will address these two related issues below.

On June 7, 2012, an X-Ray ordered by Dr. Yousif Hamati on Plaintiff's lumbar spine revealed that Plaintiff had mild degenerative osteoarthritis of his facet joints and the disc

6

spaces. (A.R. 258.) Dr. Hamati ordered an MRI on Plaintiff's spine, which was conducted later that month. The results showed:

> [N]o compression deformity or a significant signal abnormality is evident. There is narrowing of the L4-L5 discs with some loss of signal intensity . . . . The thecal sac shows a ventral extradural defect at L3-L4 from posterior bulging of the disc. There is mild spinal canal stenosis. There is broad-based nonextruded herniation of the L4-L5 disc protruding directly posteriorly. There is no lateralization to the right or left side. There is a small herniation of the L5-S1 disc as well protruding posteriorly and slightly more towards the left.

(A.R. 264.) Dr. Hamati also ordered a cervical X-Ray on Plaintiff in response to Plaintiff's complaints of neck and right arm pain on July 12, 2012. The X-Ray revealed "mild facet joint disease." (A.R. 263.) Finally, on September 27, 2012 an X-Ray on Plaintiff's pelvis revealed that his "hip joints appear symmetrical and appropriately preserved. There is some mild acetabular spurring on each side. No acute or destructive process." (A.R. 283.)

As noted above, at step two of the process, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine with disc herniations at L4-5 and L5-S1. (A.R. 13.) Plaintiff claims the ALJ failed to include the above mentioned extradural defect at L3/L4 and spinal canal stenosis, facet joint disease, and pelvic acetabular spurring as severe impairments at step two and also failed to include them as non-severe medically determinable impairments which could be considered in determining the RFC. (ECF No. 11, Page ID 336.)

At step two of the sequential evaluation, Plaintiff must show that he suffers from a "severe impairment" in order to warrant a finding of disability. *Heston*, 245 F.3d at 534. A

"severe impairment" is defined as an impairment or combination of impairments "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c) and 416.920(c). Upon determining that a claimant has one severe impairment, the ALJ must continue with the remaining steps in the disability evaluation. *See Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir.1987). Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a severe impairment does not constitute reversible error. *Maziarz*, 837 F.2d at 244. An ALJ can consider such non-severe conditions in determining the claimant's RFC. *Id.* "The fact that some of [the claimant's] impairments were not deemed to be severe at step two is therefore legally irrelevant.*" Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir.2008). Here, the ALJ found that Plaintiff had severe impairments. The ALJ's failure to include the additional impairments Plaintiff argues for at step two is legally irrelevant. *Anthony*, 266 Fed. Appx. at 457.

Although Plaintiff's complained of impairments were classified as severe, the ALJ considered the cumulative effects of both Plaintiff's severe and non-severe impairments in determining the RFC. *See Maziarz*, 837 F.2d at 244; 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not "severe," . . . when we assess your residual functional capacity."). The ALJ stated:

> The claimant reported low back pain radiating into his bilateral hips and
> down the legs to his feet. He also reported numbness and tingling in

8

> both feet, with a cold sensation. . . . X-rays of the lumbar spine showed only mild degenerative osteoarthritis of the facet joints and disc spaces (Exhibit 5F/4).  Soon thereafter, the claimant underwent an MRI of his lumbar spine, which showed degenerative changes in the lower lumbar spine. There was mild spinal canal stenosis at L3-4, as well as herniations of the L4-5 and L5-S1 discs (Exhibit 6F/7).  In July of 2012, the claimant underwent X-rays of the cervical spine, which revealed mild facet joint disease, with well-maintained disc spaces (Exhibit 6F/4).

(A.R. 18.) The ALJ also noted the September 2012 X-Ray, which showed only a few mild abnormalities. (A.R. 19.) In formulating the Plaintiff's RFC, then, the ALJ considered both the severe and non-severe impairments that Plaintiff complains of. (A.R. 19.) In sum, the ALJ's decision at step two is supported by substantial evidence. Any failure by the ALJ to list additional impairments as severe is legally irrelevant and the ALJ properly considered the entire record in determining Plaintiff's RFC.

Finally, the Court notes that plaintiff may have raised other cryptic arguments in his brief regarding plaintiff's credibility. The court deems these other arguments as waived, however. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir.1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones.").

## IV.

For the reasons set forth herein, the Commissioner's decision will be affirmed. A judgment consistent with this Opinion shall enter.

Dated: November 4, 2015 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE